UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY TOBIAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-0975 (CRC) |

## ANSWER

Defendants Bureau of Land Management (the "Bureau") and the United States Department of Interior (the "Department"), by and through undersigned counsel, hereby answer Plaintiff's Complaint (ECF No. 1) in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and deny any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendants admit, deny, or otherwise aver as follows:

1.      This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## PARTIES[1]

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.      Defendant the Bureau admits only that it is a federal agency within the meaning of FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required

4.      Defendant the Department admits only that it is a federal agency within the meaning of FOIA. The remainder of this paragraph consists of legal conclusions to which no response is required.

## JURISDICTION AND VENUE

5.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

6.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district.

---

[1] Defendants include the headings listed in the Complaint solely to assist in reading the pleadings and do not admit the accuracy of these headings.

**MARCH 3, 2025, FOIA REQUEST TO BLM**

7.  Defendant the Bureau admits only that it received a FOIA request from Plaintiff dated March 3, 2025 (the "Request"). The remainder of this paragraph contains Plaintiff's characterization of the Request, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the Request for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

8.  This paragraph consists of Plaintiff's characterization of the Request, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the Requests for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

9.  Defendant the Bureau admits only that it responded to Plaintiff on March 3, 2025. The remainder of this paragraph consists of Plaintiff's characterization of that correspondence, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

10. Defendant the Bureau admits only that Plaintiff sent a message on March 26, 2025. The remainder of this paragraph consists of Plaintiff's characterization of that correspondence, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

11. This paragraph consists of Plaintiff's characterization of the March 26, 2025, correspondence, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that correspondence for a complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

12. The Bureau admits only that it has not responded to the March 26, 2025, correspondence as of the date of the filing of this Complaint.

13. The Bureau admits only that it has not responded to the March 26, 2025, correspondence as of the date of the filing of this Complaint.

14. The Bureau admits only that it has not responded to the March 26, 2025, correspondence as of the date of the filing of this Complaint.

15. This paragraph consists of legal conclusions to which no response is required.

## COUNT I

16. Defendants incorporate their responses to Paragraphs 1 through 15 above as though fully restated herein.

17. This paragraph consists of legal conclusions to which no response is required.

18. This paragraph consists of legal conclusions to which no response is required.

19. This paragraph consists of legal conclusions to which no response is required.

20. This paragraph consists of legal conclusions to which no response is required.

21. This paragraph consists of legal conclusions to which no response is required.

22. This paragraph consists of legal conclusions to which no response is required.

The remaining paragraph, including the subparagraphs thereto, consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **DEFENSES**

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the

defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Plaintiff is not entitled to the further production of records protected from disclosure by one or more applicable FOIA exemptions, the release of which would foreseeably harm an interest that the exemption protects, or records protected from disclosure by one or more applicable FOIA exclusions.

### Second Defense

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Third Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests to the extent that any requested relief exceeds the relief authorized by the FOIA.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

### Fifth Defense

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

### Sixth Defense

At all times alleged in the Complaint and relevant to this matter, Defendants acted in good faith, with justification, and pursuant to authority.

### Seventh Defense

Defendants are not improperly withholding any responsive records.

**Eighth Defense**

Defendants conducted an adequate search for records responsive to Plaintiff's FOIA request and exercised due diligence in processing Plaintiff's FOIA request.

**Ninth Defense**

Defendants have fully responded to the Request and there is no further action to be taken.


Dated: August 6, 2025
Washington, DC                              Respectfully submitted,

                                            JEANINE FERRIS PIRRO
                                            United States Attorney

                                    By:    /s/ Kartik N. Venguswamy
                                            KARTIK N. VENGUSWAMY
                                            D.C. Bar No. #983326
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, D.C. 20530
                                            Tel: (202) 252-1790
                                            kartik.venguswamy@usdoj.gov

                                            *Attorneys for the United States of America*